**Dismissed and Memorandum Opinion filed June 17, 2014.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00624-CR

---

**THUY HOANG LE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 983735-A**

---

### M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to aggravated assault. Adjudication of guilt was deferred and he was placed on community supervision for a term of seven years. His community supervision was terminated early, on October 7, 2008, and the charge was dismissed.

On November 16, 2012, appellant filed an application for a writ of habeas corpus seeking relief from collateral consequences under article 11.072 of the Texas Code of Criminal Procedure. The writ asserted appellant was not physically in custody but

suffering an immigration "hold" and was based upon *Padilla v. Kentucky*, 130 S.Ct. 1473 (2010). On June 7, 2013, the trial court dismissed the writ. Appellant filed a notice of appeal on June 26, 2013.

No brief was filed. On March 26, 2014, this court ordered a hearing to determine whether appellant desired to prosecute his appeal. On June 2, 2014, the reporter's record of a hearing held June 2, 2014, was filed in this court. The hearing record reflects that appellant no longer wishes to pursue his appeal.

Appellant's retained counsel appeared at the hearing but appellant did not appear. Counsel informed the court that appellant no longer wished to go forward with his appeal. Counsel stated the decision in *Chaidez v. United States*, —— U.S. ——, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013), meant no *Padilla* relief would be available to appellant. Counsel filed a motion to withdraw in this court, but the motion was not signed by appellant and was therefore denied. Counsel reached appellant by phone in California and appellant "agreed that he would sign off on the Motion to Withdraw the Appeal." The motion was forwarded to appellant but since that time appellant has not contacted counsel or corresponded with him. Appellant is not accepting counsel's phone calls, returning any voice messages, or attempts to contact him by e-mail.

Appellant has not filed a written motion to withdraw the appeal or a written motion to dismiss the appeal. See Tex. R. App. P. 42.2(a). However, based upon the testimony at the hearing, we conclude that good cause exists to suspend the operation of Rule 42.2(a) in this case. See Tex. R. App. P. 2. Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Christopher, Jamison and McCally.
Do not publish - Tex. R. App. P. 47.2(b).

2